```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
KAHALA CORP., and KAHA ACQUISITIONS VI,  :
LLC,                                     :
                                         :
                    Plaintiffs,          :    10 Civ. 4259 (DLC)
                                         :
              -v-                        :    MEMORANDUM OPINION
                                         :         AND ORDER
WILLIAM B. HOLTZMAN, TRI-STATE POTOMAC,  :
INC., HOLTZMAN EXPRESS, LC, XPRESS       :
STOP, INC., and GETGO, LLC,              :
                                         :
                    Defendants.          :
                                         :
----------------------------------------X
```

Appearances:

For the plaintiffs:
Vincent L. DeBiase
William W. Frame
Corbally, Gartland and Rappleyea, LLP
35 Market Street
Poughkeepsie, NY 12601

For the defendants:
Leonard D. Steinman
Jeremy L. Reiss
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
-and-
Thomas A. Schultz, Jr.
Law Office of Thomas A. Schultz, Jr.
240 Merrifield Lane
Winchester, VA 22602

DENISE COTE, District Judge:

The defendants William B. Holtzman ("Holtzman"), Tri-State Potomac, Inc., Holtzman Express, LC, XPress Stop, Inc., and GetGo, Inc. (together except for Holtzman, the "Entity Defendants," and all together, "Defendants") have moved to

dismiss the plaintiffs' second amended complaint for failure to state a claim, or in the alternative, for summary judgment.[1]  For the following reasons, the motion is denied.

BACKGROUND

In 2007, Kahala Corp. and Kaha Acquisitions VI, LLC ("Kahala") acquired certain assets from Blimpie Associates Ltd. ("Blimpie"), including the entire Blimpie Subs & Salads restaurant brand and existing franchise agreements.  The contracts at issue in this lawsuit are franchising agreements between Blimpie and entities associated with Holtzman that Kahala assumed as part of the acquisition.

Between 1994 and 2003, the Entity Defendants entered into seven franchise agreements to operate Blimpie Subs & Salads quick-service restaurants ("Blimpie Stores") in various Virginia locations (the "Franchise Agreements").  The terms and conditions of the Franchise Agreements are identical in all cases except for the name of the franchisee and the dates within the agreement.  Pursuant to the terms of the Franchise Agreements, Blimpie granted each of the Entity Defendants a license to operate a Blimpie Store for a period of 20 years.

---

[1] Holtzman's motion to dismiss the complaint for lack of personal jurisdiction is denied in a separate Opinion and Order of today's date.

The Franchise Agreements contain a provision that makes it a default under the agreement to cease to operate or otherwise abandon a Blimpie Store.  Between March 25, 2007 and October 28, 2009, the Entity Defendants unilaterally closed the Blimpie Stores that were the subjects of all of the Franchise Agreements.  On December 23, 2009, Kahala notified the Defendants that they had breached the Franchise Agreements by unilaterally closing the Blimpie Stores.

The plaintiffs commenced this action on May 26, 2010.  They filed an amended complaint on June 16 and a second amended complaint on October 14, 2010.  The Defendants filed a motion to dismiss the second amended complaint on October 20.  The motion was fully briefed on November 12.

DISCUSSION

The Defendants argue that the plaintiffs cannot state a claim for breach of contract because the Franchise Agreements limit the remedies available for breach of contract.  According to them, the Franchise Agreements require Blimpie to issue a five-day notice of cancellation before Blimpie may bring any legal action against the franchisee for money damages.  The Franchise Agreements state:

> Except as otherwise provided in this
> Agreement, Operator shall have ten (10) days
> after Franchisor's written notice of default

3

> within which to remedy any default under this Agreement . . . .  If any such default is not cured within that time period, or such longer time period as law may require, Franchisor <u>may, at its option, terminate this Agreement and all rights granted by it, by sending a five (5) day written notice of cancellation of this Agreement to Operator</u>. Upon the expiration of such five (5) day period, this Agreement shall end and expire as if it were the day fixed for termination of this Agreement.

(Emphasis supplied) (the "Notice Provision").  Defendants also rely on a provision of the Franchise Agreements that states: "Upon the termination of Operator's rights granted under this Agreement, (whether during the term of the Agreement or at its conclusion) the . . . . Operator shall immediately pay any and all amounts owing to Franchisor, its subsidiaries and affiliates."

Under New York law,[2] "contractual remedies are deemed to be nonexclusive absent some indication of contrary intent."  <u>Inter-American Dev. Bank v. NextG Telecom Ltd.</u>, 503 F. Supp. 2d 687, 698 (S.D.N.Y. 2007) (citation omitted).  <u>See also</u> <u>In re Hale Desk Co.</u>, 97 F.2d 372, 373 (2d Cir. 1938); <u>Palazzetti Import/Export, Inc. v. Morson</u>, No. 98 Civ. 722(FM), 2001 WL 1568317, at *9 (S.D.N.Y. Dec. 6, 2001).  "As a general rule, it must clearly appear from the contract itself that the parties intended a provision to operate as a condition precedent."

---

[2] The Franchise Agreements contain a choice of law provision selecting New York law.

Gallo v. Rea Motors, Inc., 823 N.Y.S. 2d 700, 700-01 (App. Div. 2d Dep't 2006) (citation omitted).  The identified portions of the Franchise Agreements, and the Franchise Agreements as a whole, do not reflect any intent to create an exclusive remedy for breach of the Franchise Agreements.  The second amended complaint states a claim for breach of contract.

## CONCLUSION

The Defendants' October 20 motion to dismiss the second amended complaint is denied.

SO ORDERED:

Dated:   New York, New York
         December 3, 2010

_____
           DENISE COTE
       United States District Judge