```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
KAHALA CORP., and KAHA ACQUISITIONS VI,   :
LLC,                                      :
                                          :
                       Plaintiffs,        :    10 Civ. 4259 (DLC)
                                          :
              -v-                         :    OPINION & ORDER
                                          :
WILLIAM B. HOLTZMAN, TRI-STATE POTOMAC,   :
INC., HOLTZMAN EXPRESS, LC, XPRESS STOP,  :
INC., and GETGO, LLC,                     :
                       Defendants.        :
                                          :
-----------------------------------------X
```

Appearances:

For the plaintiffs:
Vincent L. DeBiase
William W. Frame
Corbally, Gartland and Rappleyea, LLP
35 Market Street
Poughkeepsie, NY 12601

For the defendants:
Leonard D. Steinman
Jeremy L. Reiss
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
-and-
Thomas A. Schultz, Jr.
Law Office of Thomas A. Schultz, Jr.
240 Merrifield Lane
Winchester, VA 22602

DENISE COTE, District Judge:

On December 17, 2010, defendants William B. Holtzman, Tri-State Potomac, Inc., Holtzman Express, LC, XPress Stop, Inc., and GetGo, Inc. (together, "Defendants") timely filed a motion pursuant to Local Civil Rule 6.3 for reconsideration of the

December 3, 2010 Opinion denying the Defendants' October 14, 2010 motion to dismiss the second amended complaint of Kahala Corp. and Kaha Acquisitions VI, LLC ("Kahala").  See Kahala Corp. v. Holtzman, No. 10 Civ. 4259 (DLC), 2010 WL 4942228 (S.D.N.Y. Dec. 3, 2010) ("December 3 Opinion").  For the following reasons, Defendants' motion is denied.

BACKGROUND

The relevant factual background is provided in the December 3 Opinion.  Kahala acquired the Blimpie Subs & Salads restaurant brand and existing franchise agreements in 2007, including the franchise agreements made between Blimpie and Defendants ("Franchise Agreements").  The terms and conditions of each of the Franchise Agreements are identical except for the name of the franchisee and the dates within the agreement.  Each contains a provision that makes it a default under the agreement to cease to operate or otherwise abandon a Blimpie Store.  Between March 25, 2007 and October 28, 2009, the Defendants unilaterally closed the Blimpie Stores that were the subjects of all of the Franchise Agreements.  On December 23, 2009, Kahala notified the Defendants that they had breached the Franchise Agreements by unilaterally closing the Blimpie Stores.

Kahala brought this action for breach of the Franchise Agreements.  The December 3 Opinion denied Defendants' motion to

dismiss, finding that the complaint stated claims for breach of contract.  Contrary to the Defendants' argument in their dismissal papers, the Franchise Agreements do not reflect any intent to create an exclusive remedy for breach that would bar this action.

DISCUSSION

The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Defendants' motion for reconsideration does not meet this standard. Defendants fail to identify any facts or legal authority that the December 3 Opinion overlooked. In fact, the Defendants' reconsideration papers do not explicitly state that the Court overlooked any particular fact or legal authority.

Defendants appear to argue that the Court overlooked the "fact" that it was the clear intent of the parties that a written notice of cancellation is a required condition precedent to a "termination" of the contract and to Kahala taking advantage of the remedies of Article 16. The December 3 Opinion clearly addressed this, noting that it found that there was nothing in the Franchise Agreements reflecting "any intent to create an exclusive remedy for breach of the Franchise Agreements." Nor do Defendants explain what function a notice of cancellation would have served since, according to the complaint, the Defendants had unilaterally closed the Blimpie stores long before the notice of breach was sent.

Further, Defendants did not carry their burden in a motion to dismiss to show that it is not plausible that on the face of the complaint and the Franchise Agreements, a separate option available to Kahala upon Defendants' breach, other than terminating the contract, was to bring an action for damages. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although Defendants argue that Article 16 of the Franchise

4

Agreement is a list of the exclusive remedies Kahala could pursue when Defendants breached, it can plausibly be inferred from the contract that Article 16 is merely a list of the consequences of termination.  Under this plausible reading of the contract, Kahala has not sought a remedy under Article 16, and any conditions precedent to the provisions of that article are no bar to this action.

Defendants do not argue that the Court failed to consider controlling authority, and instead largely describe cases relied upon in their motion to dismiss which were previously considered by the Court.  Defendants cite Read v. Fox, 119 A.D. 366, 104 N.Y.S. 251 (1st App. Div. 1907), to argue that when parties stipulate the consequences of a breach in a contract, such consequences are exclusive of other remedies.  Read is factually distinguishable, however, because it analyzes a clause stating a specific consequence for a specific type of breach.  Id. at 367-68.  Unlike the Franchise Agreements, the Read contract did not provide any party an "option" to elect remedies.

In Hunt v. Detroit Sulphite Pulp & Paper Co., 15 F. Supp. 698 (W.D.N.Y. 1936), the contract in question provided two options for the non-breaching party upon the other party's breach -- either to rescind the contract and settle outstanding amounts owed between the parties (similar to the termination option in the Franchise Agreements) or to affirm the contract

5

and recover damages.  Id. at 699-700.  The Hunt contract thereby provided an exclusive set of remedies by listing both possible options for the non-breaching party -- termination or affirmation -- and describing what remedies would flow from each.  In contrast, the Franchise Agreements list termination as one possible action for Kahala to take "at its option," and do not specify that termination is one of a set of exclusive available alternatives.  The Franchise Agreements, therefore, lack the clear indicia of intent to set exclusive remedies, in contrast to the specificity and comprehensiveness of the relevant clause in the Hunt contract.

    In re Hale Desk Co., 97 F.2d 372 (2d Cir. 1938), also cited by Defendants, supports this Court's reasoning in denying the motion to dismiss.  It finds that a provision of damages in a contract should not be treated as an exclusive remedy when it is not clearly exclusive on its face and no other facts in the case indicate that it was the intent of the parties to make it so.  Id. at 372.

    All but one of the cases newly cited by Defendants are from other jurisdictions, do not apply New York law, and in any event are inapposite and so would not alter this Court's analysis.  The one newly cited case that does apply New York law, Suzy Phillips Originals, Inc. v. Coville, Inc., 939 F. Supp. 1012 (E.D.N.Y. 1996), discusses the inability of contracting parties

6

to seek damages for tort upon a breach of contract and considers the effect of limitation of liabilities clauses, id. at 1016-17, neither of which are issues in the present case.

CONCLUSION

Defendants do not identify any facts or legal authority that the December 3 Opinion overlooked and the new authorities they cite do not alter this Court's analysis. Defendants' December 17, 2010 motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         March 24, 2011

_____
DENISE COTE
United States District Judge

7